UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY A. DiLEONARDO II,

    Plaintiff,

    v.

TARGET CORPORATION,

    Defendant.

Case No. C08-5470FDB

ORDER on CR 37 JOINT SUBMISSION RE MOTION FOR REQUEST FOR PRODUCTION No. H

    The parties file a CR 37 Joint Submission Regarding Plaintiff's Request for Production No. H, for production of complaints or concerns expressed by other veterans, nationwide, over re-employment from February 10, 2003 to date. Target Corporation (Target) contends that the request is overly broad, unduly burdensome, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The parties have tried to resolve this discovery issue in numerous discovery conferences, but have been unsuccessful.

    Since discovery has boundaries, courts generally limit discovery concerning other employees to those who are similarly situated to plaintiff. For example, in *Schrand v. Federal Pac. Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988), the Court excluded the testimony of two former employees because the employees were "of national concern, working in places far from the plaintiff's place of

ORDER - 1

employment" and "under different supervisors."  Also, discovery was limited to plaintiff's employing unit in *Hasiotis v. Xerox Corp.*, 191 A.D.2d 973 (N.Y. App. Div. 1993),  in *Suggs v. Capital Cities/ABC, Inc.*, 122 F.R.D. 430, 431 (S.D.N.Y. 1988), discovery was limited to employees in similar circumstances, and in *Kline v. City of Kansas City, Fire Dept.*, 175 F.3d 660, 666 (8th Cir. 1999), the Court stated "We agree with the trial court that the acts iof people who did not supervise or allegedly discriminate against the plaintiffs (and who in most cases did not even work in the same area as the plaintiffs) are not probative of the city's motive, opportunity, intent, or knowledge."

The Court agrees that for the purposes of the discovery request at issue, the team members similarly situated to Plaintiff are veterans who claim that they are disabled and who complained about re-employment during Plaintiff's period of employment at Target's Import Center located in Lacey, Washington, the only distribution center in Washington state.  Complaints made after Plaintiff's termination are not included because Plaintiff does not seek reinstatement to Target in his Complaint. Plaintiff's request for nationwide discovery in response to the Request for Production at issue will be denied.

NOW, THEREFORE, IT IS ORDERED: Plaintiff's Request for Production H concerning other veteran's complaints is GRANTED in part and DENIED in part as described in this order, and Target shall produce formal complaints filed at Target's Import Warehouse in Lacey, Washington during Plaintiff's period of employment.

DATED this 16th day of July, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2